IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60120
Summary Calendar
_____


NATIONAL FIRE & MARINE INSURANCE COMPANY

Plaintiff-Appellee,

v.

CHARLES EPPS
dba
Ace Rental Service dba Cheppe Foods, Inc, Et al

Defendants,

MALIKAH GLOVER, Through Her Parents Gregrick and Sandra
Glover

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(3:96-CV-176-BN)
_____
September 12, 1997
Before KING, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant-appellant Malikah Glover, through her parents

Gregrick and Sandra Glover, appeals the district court's entry of

summary judgment in favor of plaintiff-appellee National Fire &

Marine Insurance Company.  The district court granted summary

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment on National Fire's claim for a declaratory judgment that claims of negligence asserted by Glover against Charles Epps, an insured under an automobile liability insurance policy issued by National Fire, and Douglas Luster, a driver of the vehicle insured under the policy, are not covered by the National Fire insurance policy issued to Epps.  We affirm.

## I.  BACKGROUND

This case arises out of the rape of Malikah Glover, a participant in Jackson State University's National Youth Sports Program, by two other youths also participating in the program. The factual allegations underlying the claims asserted by Glover against Epps and Luster for which National Fire has denied any defense or indemnity obligation are summarized below.

In the summer of 1993, Malikah Glover participated in the National Youth Sports Program ("the Program"), a program sponsored by Jackson State University in Jackson, Mississippi for the benefit of area youth.  On June 18, 1993, Glover was a passenger on a bus owned by Charles Epps d/b/a Ace Rental Service, whom Jackson State had hired to provide transportation services for the Program.  The bus was insured under a liability policy issued by National Fire ("the National Fire Policy"), which named Charles Epps d/b/a Ace Rental Service as named insured.

Douglas Luster was driving the bus at the time that Glover was a passenger on it.  Luster mistakenly transported Glover and

2

other participants in the Program to Jackson State's Athletics and Assembly Center, an unsupervised and unsecured area, instead of to the T.B. Ellis Gymnasium, where the Program's activities were actually to be held.

After the Program participants exited the bus, three males, all participants in the Program, approached Glover. One of them seized Glover and dragged her into a stairwell. Two of the males raped her while the third served as a lookout.

Glover filed suit in state court against Epps and Luster, among others, alleging that Luster is liable for negligence and that Epps is both liable for his own negligence and vicariously liable for the negligence of Luster. National Fire subsequently filed this action in the District Court for the Southern District of Mississippi, seeking a declaratory judgment that the National Fire Policy establishes no duty of defense or indemnity with respect to any claim asserted by Glover.

The district court entered summary judgment in favor of National Fire, holding that National Fire possesses neither a duty to indemnify Epps or his employees nor defend Epps or Luster with respect to Glover's claims against them. Glover appeals that portion of the district court's judgment declaring that National Fire has no duty of indemnity with respect to any of Glover's claims.

## II. STANDARD OF REVIEW

"We review a grant of summary judgment de novo, applying the same criteria used by the district court in the first instance." Texas Manufactured Housing Ass'n v. City of Nederland, 101 F.3d 1095, 1099 (5th Cir. 1996).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

### III.  DISCUSSION

Because our jurisdiction is based on diversity of citizenship, we apply the substantive law of Mississippi.  See Erie R.R. v. Tompkins, 304 U.S. 64 (1938); Powers v. Vista Chem. Co., 109 F.3d 1089, 1093 (5th Cir. 1997).

Glover argues that the district court erred in granting summary judgment in favor of National Fire because a fact issue exists as to whether Luster's mistake in leaving Glover at the wrong location proximately caused her to be raped.  Glover contends that such a fact issue exists because a reasonable jury could conclude that Luster and/or Epps could have reasonably foreseen that their actions might result in injury to Glover. However, we need not decide this issue because a determination of whether a fact issue exists as to the liability of Epps and Luster is not requisite to a determination of whether the

4

National Fire Policy requires indemnification for such liability should it attach.

The National Fire Policy provides in relevant part as follows:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

The Mississippi Supreme Court has had occasion to interpret similar policy language in several cases.

In Roberts v. Grisham, the plaintiffs, the widow and child of Wesley Roberts, who was fatally shot while sitting in a parked truck, brought suit against the shooter, Wesley Grisham, and the uninsured motorist insurer of the truck. 487 So. 2d 836, 837 (Miss. 1986). In that case, Grisham drove his automobile alongside Roberts's truck, exited his vehicle, which was uninsured, and walked up to Roberts's driver's side window. Id. Roberts and Grisham argued for several minutes, and Grisham subsequently shot Roberts in the head, killing him. Id.

Roberts's uninsured motorist policy provided coverage only for liability "'aris[ing] out of the ownership, maintenance or use of the uninsured motor vehicle.'" Id. at 837. The court held as a matter of law that, based on the above limitation on coverage, the defendant insurer had no duty to pay Roberts's widow and child under the policy for damages sustained as a result of Roberts's death. Id. at 839. The court reasoned that

5

"[v]oluntary, deliberate acts are independent acts which render a vehicle's use incidental, viz, argument followed by assault or shooting, which result in injury did not arise out of the use of the insured vehicle."  Id.

In Coleman v. Sanford, 521 So. 2d 876 (Miss. 1988), and Spradlin v. State Farm Mut. Auto. Ins. Co., 650 So. 2d 1383 (Miss. 1995), the court relied on Roberts in concluding that insurers were not liable under uninsured motorist coverage provisions containing the same coverage limitation at issue in Roberts and this case for injuries sustained by insureds shot by other motorists.  In Coleman, the court additionally concluded that the plaintiff could not recover under the defendant motorist's liability policy, which also provided coverage only for damages arising out of the ownership, maintenance or use of the defendant motorist's vehicle.  Coleman, 521 So. 2d at 877.  In both cases, the assailant fired the shots from inside an automobile and used the automobile to catch up with the injured party.  Coleman, 521 So. 2d at 876-77; Spradlin, 650 So. 2d at 1385.  However, the court concluded in each case that "[i]n spite of those facts, the shooting was still, in the language of Roberts, a voluntary, deliberate act which rendered use of the vehicle incidental."  Coleman, 521 So. 2d at 877; Spradlin, 650 So. 2d at 1388.

In this case, the use of Epps's bus and the rape of Glover share a causal link even more tenuous than the causal links

6

between the use of automobiles and the shootings in <u>Roberts</u>, <u>Coleman</u>, and <u>Spradlin</u>. First, the rape did not occur on the bus. Second, neither the driver nor a current passenger on the bus committed the rape. The only link between the bus and the rape is that the bus transported Glover to the location where she was later raped. <u>Roberts</u>, <u>Coleman</u>, and <u>Spradlin</u> make clear that such an attenuated causal connection cannot support liability under the National Fire Policy. Under Mississippi law, the rape of Glover was "a voluntary, deliberate act which rendered use of the [bus] incidental." <u>Coleman</u>, 521 So. 2d at 877.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.